UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMAD NWAZ KHAN,<br><br>Defendant. | No. 2:12-cr-00180-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Mohammad Nwaz Khan's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A). (ECF No. 450.) The Government filed an opposition. (ECF No. 453.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2014, Defendant pleaded guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. (ECF Nos. 166, 169.) On October 1, 2015, Judge Morrison C. England, Jr. sentenced Defendant to a 150-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 240.) On July 12, 2021, following remand from the Ninth Circuit Court of Appeals, Judge England resentenced Defendant to 120 months in prison to be followed by a 36-month term of supervised release. (ECF Nos. 435, 441.) Judge England also ordered Defendant to pay restitution in the amount of $1,087,167.73. (*Id.*) The matter was reassigned to this Court on April 26, 2022. (ECF No 446.)

Defendant is currently serving his sentence at FCI Lompoc. He has served approximately 70 months of his 120-month sentence, and his projected release date is August 2, 2025. (ECF No. 453-1 at 3.)

On October 24, 2022, Defendant filed a *pro se* motion for compassionate release. (ECF No. 450.) Defendant requests the Court reduce his term of imprisonment to time served with the condition that he serve the remainder of his sentence on home confinement because he is 67 years old and has multiple health conditions that make him more vulnerable to COVID-19. (*Id.* at 2.)

### II. ANALYSIS

#### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden that was denied on April 28, 2022.

Because more than 30 days have elapsed since receipt of Defendant's request, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

### B.      Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021).  The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*  The Court thus looks to § 1B1.13 as persuasive authority.

Defendant's medical records confirm he suffers from multiple medical conditions, including Type 2 diabetes, hypertension (unspecified essential), chronic ischemic heart disease, and chronic kidney disease (stage 3).  The Centers for Disease Control and Prevention ("CDC") states that people with these conditions are "more likely to get very sick from COVID-19." Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited January 6, 2023). Defendant's records also indicate he is fully vaccinated against COVID-19 and has one booster.

The Government argues Defendant's vaccination status decreases his risks related to COVID-19.  (ECF No. 453 at 9.)  The Government further argues Defendant has not shown that the BOP is unable to adequately manage his medical conditions and Defendant's medical records suggest the BOP has been able to monitor and treat Defendant's conditions without extraordinary measures.  (*Id.* at 10.)

The Court agrees with the Government that Defendant has not established extraordinary and compelling reasons for release based on a lack of evidence that the BOP is unable to manage

Defendant's health conditions. The only specific example Defendant offers is his assertion that his significant vascular disease has been known to Lompoc medical staff since at least 2018, but he was not scheduled for a vascular surgery consultation until November 18, 2022. (ECF No. 450 at 3.) However, Defendant does not cite evidence suggesting that this supposed delay was unjustified or improper. Defendant cites one page (within over 60 pages of medical records) from an evaluation performed on August 18, 2022. (ECF No. 450 at 32.) That document, without more, does not persuade the Court that the BOP failed to adequately treat Defendant's vascular conditions up to that point. Moreover, Defendant's vaccination status reduces his COVID-19 risks.[1] It also bears mentioning that there are currently zero active cases of COVID-19 at FCI Lompoc. Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited January 6, 2023). For all these reasons, Defendant's concerns are too general and speculative to warrant extraordinary and compelling reasons for release.

### C. Section 3553(a) Factors

Even if the Court found extraordinary and compelling reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) factors — in particular, the nature and circumstances of the instant offense. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). Defendant argues his criminal history is minimal, his risk of recidivism is low, and he has no history of violence. (ECF No. 450 at 5.) However, Defendant's criminal history, age, and medical conditions were considered and accounted for in the presentence report.[2] (ECF No. 213 at 18.)

---

[1] The Court recognizes that other judges within this District have applied a "rebuttable presumption" test to a defendant's vaccination status. *United States v. Mathews*, 557 F. Supp. 3d 1057, 1061 (E.D. Cal. 2021). The Court does not apply this test and instead approaches a defendant's vaccination status on a case-by-case basis pursuant to the discretionary authority prescribed by *Aruda*. 993 F.3d at 801–02.

[2] Defendant also states he will be eligible for release to home confinement under the BOP's elderly offender home detention program on April 24, 2023. (ECF No. 450 at 5.) Defendant fails to explain how this fact, if true, warrants a sentence reduction. To the extent Defendant believes he will be eligible for release under the program, he should raise that issue with the BOP.

1  Ultimately, the Court agrees with the Government that Defendant has not shown the §
2  3553(a) factors support a drastic sentence reduction from a 120-month sentence to what would
3  equate to a 70-month sentence, especially considering the nature, length, and sophistication of
4  Defendant's involvement in this decades-long fraudulent scheme.  Although the § 3553(a) factors
5  specifically include the need to provide Defendant with medical care in the most effective
6  manner, it appears the BOP has thus far been capable of adequately addressing Defendant's
7  medical needs.  Therefore, Defendant's medical needs do not outweigh the other § 3553(a)
8  factors that support a 120-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 450.)

IT IS SO ORDERED.

**DATED:  January 13, 2023**

Troy L. Nunley
United States District Judge